**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Wells Fargo Bank National Association, | No. CV-17-04604-PHX-DLR |
| Plaintiff, | **ORDER** |
| v. | |
| Thomas O Park, Christine L Park, and Unknown Parties, | |
| Defendants. | |

Before the Court is Plaintiff Wells Fargo Bank's motion to remand (Doc. 8) and request for expedited hearing on motion for remand (Doc. 21). The motion to remand is fully briefed. (Doc. 9.) For the following reasons, Plaintiff's motion to remand is granted.[1]

**I. Background**

In June 2017, following a trustee sale, Plaintiff received a deed to the property at 10827 South Calle Verde Road in Yuma, Arizona. (Doc. 1-1 at 6.) On or about July 10, 2017, Plaintiff provided Defendants Thomas and Christine Park written notice demanding possession of the property. (*Id.* at 13-14.) When Defendants did not vacate, Plaintiff filed an action for forcible entry and detainer, pursuant to A.R.S. § 12-1171 et seq, in Yuma County Superior Court. (*Id.* at 16.) Defendants removed the action to this

---

[1] Plaintiff's request for oral argument (Doc. 21) is denied. The parties have fully briefed the issues and oral argument will not aid the Court's decision.

Court, alleging federal question jurisdiction. (Doc. 1.)

**II. Legal Standard**

Federal courts are courts of limited jurisdiction, having subject-matter jurisdiction only over those matters specifically authorized by Congress or the Constitution. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). As the proponent of the Court's jurisdiction, the removing defendant bears the burden of establishing it. *Abrego Abrego v. The Dow Chemical Co.*, 443 F.3d 676, 685 (9th Cir. 2006). Pursuant to 28 U.S.C. § 1441, any civil action brought in state court that asserts a claim over which federal district courts have original jurisdiction may be removed to federal district court in the district where the action is pending. Courts strictly construe the statute against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). Indeed, there is a "strong presumption" against removal and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.*

**III. Discussion**

Plaintiff argues that (1) there is no federal question before the Court because forcible entry and detainer actions arise strictly under state law and Defendants' purported federal law defenses cannot be the basis for removal, and (2) to the extent Defendants removed based on diversity jurisdiction, removal is improper. The Court agrees.

Federal courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. To determine whether an action arises under federal law, a court applies the "well-pleaded complaint rule." *Toumajian v. Frailey*, 135 F.3d 648, 653 (9th Cir. 1998) (quotations and citation omitted). Under this rule, a claim arises under federal law "only when the plaintiff's well-pleaded complaint raises issues of federal law." *Id.* (quotations and citations omitted.) An answer or counterclaim, however, cannot form the basis for removal. *Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 831 (2002).

On its face, Plaintiff's complaint does not state a claim that "arises under" federal law. Plaintiff complaint relies solely on A.R.S. § 12-1173.01 and seeks immediate

possession of the property at issue. *First Horizon Home Loans v. Doost*, No. 09-CV-1906-PHX-DGC, 2009 WL 3756523, at *2 (D. Ariz. Nov. 9, 2009) (no federal question where a suit is brought solely on state statutory grounds). Defendants nonetheless argue that "[t]his is a special circumstance where the violations of federal law have supremacy over state claims," citing violations of 42 U.S.C. § 1983, the Fair Debt Collection Practices Act, the Securities Act of 1933, and a federal criminal statute. (Doc. 9.) Although Defendants raise multiple defenses, the assertion of a federal defense to a state-law claim does not convert the state-law claim into one "arising under" federal law for purposes of federal question jurisdiction. *Wells Fargo Bank v. 223 Wittmann, LLC*, No. 11-CV-00505-PHX-ROS, 2011 WL 13233438, at *2 (D. Ariz. Mar. 31, 2003). The Court therefore lacks jurisdiction under § 1331.

To the extent Defendants intended to invoke the Court's diversity jurisdiction under 28 U.S.C. § 1332, the requirements for diversity jurisdiction are not met.[2] In an action which does not involve federal question jurisdiction, removal is proper only if no defendant is a citizen of the state where the action is brought. 28 U.S.C. § 1441(b). This requirement is not met here because Defendants reside in Yuma, Arizona.

**IT IS ORDERED** that Plaintiff's motion to remand (Doc. 8) is **GRANTED**. This matter is remanded to the Yuma County Superior Court. Plaintiff's motion seeking a hearing on this matter (Doc. 21) is **DENIED** as moot.

Dated this 23rd day of February, 2018.

_____
Douglas L. Rayes
United States District Judge

---

[2] Defendants Notice of Removal states "this removal is not based on grounds of diversity of citizenship, [and demonstrating that the] amount in controversy [is] in excess of $75,000 does not apply." (Doc. 1 at 4.)

- 3 -